ANGELINO BENEDETTO AND VITO BENEDETTO, PLAINTIFFS-RESPONDENTS, v. HUDSON AND MANHATTAN RAILROAD COMPANY, DEFENDANT-APPELLANT.

Submitted February 2, 1931—Decided July 2, 1931.

Before Gummere, Chief Justice, and Justices Trenchard and Lloyd.

For the plaintiffs-respondents, *Barison & Barison* (*Morris E. Barison*, of counsel).

For the defendant-appellant, *Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst*, of counsel).

Per Curiam.

This is an appeal from a judgment in favor of the plaintiffs entered upon verdicts for the plaintiffs and against the defendant company.

The action was instituted for the recovery of damages for injuries sustained by Mrs. Benedetto on February 17th, 1929, while a passenger on a train of the defendant. Mr. Benedetto, her husband, was a party plaintiff to recover medical expenses and loss of services of his wife due to her injury and disability resulting from the accident.

The evidence on the part of the plaintiffs reasonably tended to show the following matters of fact: The wife boarded the defendant's tube train at six P. M., at Twenty-third street, New York City, which was to proceed to Journal Square, Jersey City. The train was overcrowded with passengers, and she was standing by one of the doors when the accident occurred. The train proceeded as far as Christopher street, New York city, and on leaving Christopher street proceeded some distance, when the motorman of the train saw a fire on the roadbed about four feet along and 1 foot high. He nevertheless operated the train over the fire at a speed of about eight miles an hour, when suddenly a conductor on the train applied the emergency brake, and the train, consisting of seven cars, heavily laden with passengers, stopped directly over the flames of the fire, and some of the rubber covered appliances began to burn, and the flames were seen coming up between the cars. The train was in total darkness and began to fill with heavy smoke. As a result of inhaling the smoke and being trampled upon by other passengers in this overcrowded train, the plaintiff was injured.

The defendant company contended that a short circuit occurred in one of the cables underneath the train, causing the accident.

The rule to show cause why the verdict should not be set aside as excessive was issued and heard by the trial judge and was discharged; and the case is now here on appeal, on exceptions reserved, upon grounds which will now be dealt with.

The first point is that on the trial the court erred in refusing to direct a verdict for the defendant, because there was no evidence of any negligence on the part of the defendant which was the proximate cause of the accident.

We think that there was no error in the refusal to direct a verdict for the defendant. The railroad company owed to its passengers a high degree of care. *Whalen* v. *Consolidated Traction Co.*, 61 *N. J. L.* 606. We believe that evidence in this case required the submission of the evidence to the jury to say whether the carrier or its servants in the exercise of reasonable care might have avoided the accident and the consequent injury to the plaintiff.

The defendant contended that the accident was due to a latent defect in the insulation of the wires, and was therefore unavoidable. Whether or not this was so was at most a jury question; and in respect thereto it is to be observed that the evidence was to the effect that the insulation of the wiring of these cars had never been tested except by operating the cars as a train, and neither was there any evidence to show that the insulation was ever tested by the manufacturers thereof in this respect. In this connection it is to be further observed that the evidence tended to show that there are two or three commonly known tests which might have been employed, and which were not employed, which were calculated to discover latent defects. And it is to be further observed that the testimony produced by the defendant company itself was that there were seventy-nine feet of uncovered non-fireproof wire under each of these cars, and the testimony of plaintiffs' witnesses was that there were eight-two feet of non-fireproof wire.

We think it was open to the jury to find that there was a want of the requisite high degree of care upon the part of the operators of this train in driving the train, so constituted, over the flame of a fire one foot high and four feet wide, and that that negligent act was the proximate cause of the accident.

It is next said that the trial court erred in refusing to charge the defendant's eighth request as follows:

8. "If in this case you find that the cause of the accident was a short circuit in the power cable under the car, and that that short circuit was caused by an inherent defect in the insulation on the cable and that that cable was encased in a steel conduit or pipe, and that the short circuit in the cable was something that could not be avoided in the exercise of a high degree of care, then your verdict should be for the defendant, even though the female plaintiff may have sustained injuries as a result of said accident."

We believe the court did not err in refusing this request. As we have pointed out, an examination of the testimony will disclose that admittedly there were seventy-nine feet of non-fireproof wire underneath the train. A charge as requested would have improperly conveyed to the jury the idea that all the cables underneath the car were enclosed in a steel conduit or pipe, which was not true.

In *Sheriden* v. *Laundry Co.*, 105 *N. J. L.* 608, the Court of Errors and Appeals said:

"It is sufficient to say that the request omits the recital of the salient facts, and that the trial judge is not required to charge what the law would be if certain isolated facts constituted the entire case. *Consolidated Traction Co.* v. *Behr*, 59 *N. J. L.* 477. The request was properly refused."

In this connection it may be well to observe that the trial judge very carefully instructed the jury as follows:

"The defendant's position is that this accident was unavoidable; that there was nothing connected with the accident which could indicate to the defendant that it was likely to take place, and that there was nothing connected with the accident which the use of a high degree of care on the part

of the defendant could have enabled the defendant to have reasonably foreseen and anticipated. If you find that this is so, your verdict must be for the defendant. If you find there was no negligence on the part of the defendant, your verdict must be for the defendant. If you find there is nothing in the case which would warrant you in finding that the defendant, by the use of a high degree of care, could have done anything which would have prevented this accident, your verdict must be for the defendant. If you conclude, from the testimony that this was an unavoidable accident, your verdict must be for the defendant."

The third point is that the court erred in refusing to charge the defendant's ninth request as follows:

9. "If the power cable under the car was part of the permanent construction of the car, and it was encased in a steel conduit or pipe, and it was not the standard practice of railroad companies to break open such permanent construction of the cars, then it was not the duty of the defendant in this case to do so, and you cannot charge it with negligence for failure so to do."

We think that this was likewise properly refused. It was not required by any testimony brought out at the trial. There was no testimony adduced at the trial as to the standard practice of railroads to break open any conduits or pipes for the purpose of inspecting the same.

It is next said that the trial court erred in refusing to charge defendant's fourteenth request as follows:

14. "Even if there was a small fire outside of the two tracks near the left track, that would not charge the defendant with responsibility to the plaintiffs unless you find that that small fire was the cause of the short circuit in the main power cable. If it was not, then you can disregard this small fire as having anything to do with the accident."

We think that request was properly refused. If the jury were to disregard the fire as requested, there would be nothing to account for the burning of the cars, and the testimony of defendant's witnesses was that the bumpers one foot above

the ties, and other appliances underneath the car, were burned and scorched, as well as the ties.

Moreover, with respect to all the foregoing requests, we find that they were adequately dealt with in the charge.

It is next said that the trial court erred in permitting questions put to witnesses who were passengers upon the train, as follows: Q. "How long were you in the hospital?" to one witness. To another witness, Q. "Were you hurt?" To another witness, Q. "Were you injured in this accident?" We think the questions were relevant and material to prove the conditions that existed in the train at the time of the accident. The defendant seemed to contend at the trial, and examined witnesses for the purpose of showing that there was little if any excitement; that everybody was properly taken care of during the accident and that no one was injured. It seems, therefore, that the questions may have been competent in that aspect; but if we are wrong about that, then we think that there was no such prejudicial error in the examination of these witnesses as would justify a reversal of this judgment.

Lastly, it is said that the court erred in refusing defendant's motion for a mistrial. A witness was asked this question: Q. "Were you injured in this accident?" The answer was: A. "I should say I was. I got a judgment in this court."

This answer was not responsive to the question and could not have been anticipated, and thereupon the court immediately said:

The court: "I do not think from anything that counsel asked that he could reasonably have anticipated such an answer. I will, of course, instruct the jury to disregard it. The jury is going to disregard that comment. You are passing on the plaintiff's case as presented to you, and on the defendant's case as presented to you; and you are not going to decide in favor of the plaintiff in this case because somebody else has sued the defendant. You are the jury in this case and you are not going to be guided by what any other jury did."

It seems to us, in view of the action of the judge, that the motion for a mistrial founded upon this incident was properly refused.

The judgment will be affirmed, with costs.